IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                               Case Nos.:     3:04cr111/MCR
                                                 3:10cv297/MCR/EMT

BOOKER T. MOHEAD

---

### **REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 45). The Government has filed a response (doc. 49), and Defendant has filed a reply (doc. 53). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that his § 2255 motion should be denied as untimely. *See* Rules Governing Section 2255 Cases 8(a) and (b).

BACKGROUND AND ANALYSIS

Defendant pleaded guilty pursuant to a written plea and cooperation agreement to one count of possession of a firearm by a convicted felon (docs. 25–27). On December 7, 2005, he was sentenced to a term of 188-months imprisonment, which is eight months more than the minimum mandatory term of 180 months required by 18 U.S.C. § 924(e) (doc. 42). He did not appeal. The instant motion to vacate was filed on August 5, 2010, pursuant to the prison mailbox rule[1] (*see* doc. 45 at 5). In his motion Defendant raises two grounds for relief. First, he contends that a specific

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule").

condition of his plea agreement, that he be held in federal rather than state custody, has not been enforced, and second, he maintains that counsel was constitutionally ineffective for his failure to move to suppress evidence that was obtained in a search after an illegal traffic stop. The Government contends that the motion is untimely and substantively without merit.[2]

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. If a defendant does not file an appeal, his conviction becomes final for purposes of § 2255(f)(1) when the ten-day time period for filing an appeal expires. *See* Fed. R. App. P. 4(b)(1)(A)(I); Fed. R. App. P. 26(a); Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000). In this case, Defendant's conviction and sentence became final on December 23, 2005, which was ten days after the court entered the judgment and commitment order on December 13, 2005 (doc. 43). Therefore, to be timely, his § 2255 motion had to be filed not later than December 26, 2006 (the first business day following December 23, 2006, which fell on a Saturday). As noted above, Defendant's motion was not filed until August 5, 2010. Therefore, it is facially untimely.

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. Jones v. United States, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177

---

[2]Contrary to Defendant's assertions, for instance, counsel did file a motion to suppress (doc. 17), which was denied after a response from the Government (doc. 19) and a hearing (doc. 21).

F.3d 1269, 1271 (11th Cir. 1999)). It only applies in "truly extraordinary circumstances." Johnson, 340 F.3d at 1226 (citing Jones, 304 F.3d at 1039–40; Drew, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. Johnson, 340 F.3d at 1226, Jones, 304 F.3d at 1040. "[T]he court will not relieve a [defendant] who has sat upon his rights." United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402–03 (5th Cir. 1999)). In presenting his § 2255 motion, Defendant used what appears to be a "home-made" version of the § 2255 form that did not require him to address the question of timeliness, so he did not do so. And, in his reply to the Government's response, Defendant made no attempt to excuse or even address the Government's argument about the untimeliness of his motion (doc. 53). Because there is no basis for equitable tolling that is apparent from the record, Defendant's motion should be denied as untimely.

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 45) be **DENIED and DISMISSED** as untimely.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 28<u>th</u> day of November 2012.

                          /s/ *Elizabeth M. Timothy*
                          **ELIZABETH M. TIMOTHY**
                          **UNITED STATES MAGISTRATE JUDGE**

### **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**