IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:  3:04cr111/MCR
  3:10cv297/MCR/EMT

BOOKER T. MOHEAD

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's "Motion for Postconviction Relief and Motion to Enforce Specific Performance of a Plea Bargain or Afford Defendant an Opportunity to Withdraw the Plea" (doc. 60). Defendant claims that he has not been permitted to serve his state and federal sentences concurrently in the custody of the Bureau of Prisons as contemplated at the time of his plea agreement (*id*. at 2). As the title of the motion states, he seeks specific performance of the plea agreement or the opportunity to withdraw his plea and proceed to trial (*id.* at 3).

The identical issue was raised in Defendant's § 2255 motion (doc. 45). It thus appears that Defendant has attempted to use a different vehicle to obtain the same relief sought in the § 2255 motion, after this court concluded that the motion was untimely (*see* doc. 59). Defendant should not be permitted to circumvent the limitations period by merely by creatively changing the "style" of his motion. And, he has shown no legal basis for obtaining the relief requested, as the written plea agreement (doc. 26) does not specify where Defendant is to serve his sentence (*see* Government's response to Defendant's § 2255 motion (doc. 49 at 14)).

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. That the Motion for Postconviction Relief (doc. 60) be **DENIED**.
2. That in the event of an appeal, no certificate of appealability should issue.

At Pensacola, Florida, this 12th day of December 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636**; United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**